UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY CHARLES HICKONBOTTOM,<br><br>                              Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                              Defendant. | Case No. 3:14-cv-06016-KLS<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On May 12, 2011, plaintiff protectively filed an application for SSI benefits, alleging disability as of January 1, 2008. *See* Dkt. 10, Administrative Record ("AR") 11. This application was denied upon initial administrative review on July 28, 2011, and on reconsideration on October 14, 2011. *See id.* A hearing was held before an administrative law judge ("ALJ") on

ORDER - 1

March 15, 2013, at which plaintiff, represented by counsel, appeared and testified by telephone, as did a vocational expert. *See* AR 32-67.

In a decision dated April 26, 2013, the ALJ determined plaintiff to be not disabled. *See* AR 8-31. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on October 29, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-6; 20 C.F.R. § 416.1481. On January 2, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on March 13, 2015. *See* Dkt. 10. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or alternatively for further administrative proceedings, because the ALJ erred:

(1) in assessing plaintiff's severe impairments;

(2) in failing to develop the medical record fully;

(3) in evaluating the medical evidence in the record;

(4) in discounting plaintiff's credibility;

(5) in assessing plaintiff's residual functional capacity ("RFC"); and

(6) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating the medical evidence – and thus in assessing plaintiff's RFC and in finding him to be capable of performing other jobs – and therefore in determining plaintiff to be not disabled. Also for the reasons set forth below, however, the undersigned recommends that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further

ORDER - 2

administrative proceedings. Although plaintiff requests oral argument, the undersigned finds such argument to be unnecessary here.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (*quoting Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

ORDER - 3

I.  The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

---

. . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 4

1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

Plaintiff asserts that the ALJ erred in improperly discounting the opinion of Dr. Shirley Deem, M.D. The Court agrees. On July 11, 2011, Dr. Deem opined that plaintiff could stand at least two hours but less than six hours and that plaintiff could lift 100 pounds occasionally and 50 pounds frequently. *See* AR 244. The ALJ gave Dr. Deem's opinion "some weight" because it was consistent with her examination findings. AR 22. The ALJ's only other comment on Dr. Deem's opinion was that "the claimant's overall treatment record is consistent with the claimant being capable of lifting at the light level, taking into account his occasional exacerbations of

ORDER - 5

back and knee pain." *Id*.

The ALJ provided no reason for rejecting the portion of Dr. Deem's opinion limiting plaintiff to less than six hours of standing. *See* AR 22, 244. However, in assessing plaintiff's RFC, the ALJ found that plaintiff could stand and walk six hours in an eight-hour day. *See* AR 15. By rejecting this part of Dr. Deem's opinion without providing a specific and legitimate reason supported by substantial evidence, the ALJ erred.

Defendant argues that objective medical evidence did not support Dr. Deem's opinion and that plaintiff reported improvement with medication. *See* Dkt. 16, p. 5. The ALJ, however, did not offer these as reasons for rejecting Dr. Deem's opinion. *See* AR 22; *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's decision based on evidence ALJ did not discuss).

Defendant also argues that the ALJ provided a specific and legitimate reason for rejecting Dr. Deem's opinion by summarizing the conflicting evidence in detail and interpreting it. *See* Dkt. 16, pp. 5-6. Defendant asserts that when discussing the opinion of Dr. Myrna Palasi, M.D., the ALJ indicated that he had considered greater standing restrictions but found that objective evidence supported a limitation to light work, and that the ALJ did not have to repeat this finding when evaluating Dr. Deem's opinion. However, in giving significant weight to the opinion of non-examining physician Myrna Palasi, M.D., the ALJ broadly stated that, regarding Dr. Palasi's opinion on plaintiff's ability to lift, stand, walk, sit, and perform postural activities, her treatment notes and plaintiff's reports of relief from medication supported a limitation to light work. *See* AR 22. The ALJ did not, as defendant characterizes it, discuss the conflicting evidence regarding plaintiff's limitation for standing in detail, state his interpretation of that evidence, and make a

ORDER - 6

finding. *See id.* Nor is it reasonable to infer from the ALJ's decision a sufficiently specific reason as to why the opinion of a non-examining physician regarding plaintiff's limitation for standing was given more weight than that of an examining physician. The ALJ thus offered no specific and legitimate reason supported by substantial evidence for rejecting the standing limitation Dr. Deem assessed.

II.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

ORDER - 7

The ALJ in this case found that plaintiff had the RFC to perform:

> **. . . less than the full range of light work as defined in 20 CFR 416.967(b). The claimant can perform jobs that require him to lift 20 pounds occasionally and 10 pounds frequently, stand and/or walk six hours in an eight-hour day, and sit six hours in an eight-hour day. The claimant can perform jobs that involve simple, routine tasks and instructions. Further, he can perform jobs that involve no public contact and jobs that involve only occasional coworker contact with no teamwork.**

AR 15 (emphasis in original). However, because as discussed above the ALJ erred in evaluating the medical opinion evidence in the record concerning plaintiff's physical limitations, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's functional capabilities. Accordingly, here too the ALJ erred.

III.     The ALJ's Findings at Step Five

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). The ALJ, however, may omit from that description those limitations he or

ORDER - 8

she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed hypothetical questions to the vocational expert containing substantially the same limitations as were included in the ALJ's RFC assessment. *See* AR 55-57. In response, the vocational expert testified that an individual with those limitations – and with the same age, education, and work experience as plaintiff – would be able to perform other jobs. *See id*. Based on the testimony of the vocational expert, the ALJ found plaintiff capable of performing other jobs existing in significant numbers in the national economy. *See* AR 26. Again, however, because the ALJ erred in evaluating the medical evidence and thus in assessing the plaintiff's RFC, the hypothetical question cannot be said to completely and accurately describe all of plaintiff's capabilities, and therefore the ALJ's step five determination also cannot be said to be supported by substantial evidence or fee of error.

IV.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved

ORDER - 9

before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Here, issues still remain regarding plaintiff's RFC and his ability to perform other jobs existing in significant numbers in the national economy. Accordingly, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 27th day of August, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10